

U.S. Department of Justice
S. Amanda Marshall
United States Attorney
District of Oregon
1000 SW Third Avenue, Suite 600        (503) 727-1000
Portland, OR 97204-2902        Fax (503) 727-1117

November 5, 2014

Mr. Benjamin T. Andersen
1420 World Trade Center
121 SW Salmon Street
Portland, OR 97204

    Re:    *United States v. Steven Glenn Huffman, Jr.,* Case No. 3:14-CR-00034-MO
           Second Amended Plea Agreement

Dear Counsel:

    This letter will set forth the government's plea offer in this case.

1.    **Parties/Scope:**  This plea agreement is between the United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges:**  Defendant agrees to waive his right to indictment by a grand jury, and plead guilty to Count 1 of the Superseding Felony Information, which charges Interstate Transportation in Aid of a Racketeering Enterprise (also known as the "Travel Act," Title 18, United States Code, Section 1952(a)(3)). In return, the government will move to dismiss the indictment at sentencing, and agrees not to present any additional charges to the grand jury.

3.    **Penalties:**  The maximum sentence for Count 3 (Travel Act) is five years in prison, a fine of $250,000, up to three years of supervised release, and a $100 fee assessment. Defendant agrees to pay the $100 fee assessment by the time of sentencing or explain to the Court why this cannot be done. Defendant further stipulates to the abandonment of assets as set forth below.

4.    **Sentencing Factors:**  The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

5.    **Elements and Facts:**  Defendant agrees that the government must prove, and can prove, beyond a reasonable doubt, the following essential elements of the Travel Act, as charged:

    a.    First, the defendant traveled in interstate commerce with the intent to facilitate the carrying on of an unlawful activity; and

    b.    Second, after doing so the defendant did facilitate the carrying on of said unlawful activity.

Defendant admits that the government can prove beyond a reasonable doubt at trial that on or about March 27, 2013, he traveled in interstate commerce, from Oregon to Hawaii, with the intent to ~~promote, manage, establish, carry on, and~~ facilitate the promotion, management, establishment, and carrying on, of a business enterprise involving prostitution offenses, in violation of the laws of the State of Hawaii. Defendant further admits that after traveling from Oregon to Hawaii, he ~~promoted, managed, established, carried on, and~~ facilitated the promotion, management, establishment, and carrying on of, said business enterprise involving prostitution offenses.

Defendant admits that on this particular trip to Hawaii, he traveled with a person named "D.M.," ~~because he was D.M.'s "pimp" at the time.~~ Defendant admits that he flew with D.M. to Hawaii with the intent that D.M. engage in ~~commercial sex acts for money in Hawaii (i.e.,~~ unlawful prostitution), ~~that she engaged in prostitution while in Hawaii,~~ that he promoted and managed activities D.M.'s ~~prostitution~~ unlawful activities, and that he received a financial benefit from D.M.'s ~~prostitution~~ unlawful activities.

Defendant further admits that in furtherance of his business enterprise ~~involving~~ and facilitating the ~~prostitution offenses~~, he traveled in interstate commerce ~~and acted as a "pimp" for several women~~ unlawful activities of from 2008 through 2013 in the District of Oregon and elsewhere, including D.M., J.M., and A.M., ~~and that he transported these women in interstate commerce to several states during~~ this time ~~period, including Hawaii, Alaska, Nevada, Washington, Indiana, and Minnesota, with the intent that the women engage in commercial sex acts for his financial benefit.~~

6.    **Dismissal/No Additional Prosecution:** The USAO will move to dismiss at sentencing any remaining counts against defendant. The USAO further agrees not to file or seek any new or additional federal criminal charges against defendant in the District of Oregon arising out of the investigation in this case. Specifically, the government agrees not to charge defendant with sex trafficking A.M. by force and coercion (18 U.S.C. § 1591), which would have required a 15-year mandatory minimum sentence.

7.    **Acceptance of Responsibility:** Defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case. If defendant does so before the expiration date set forth below, the USAO will recommend a three-level reduction in defendant's offense level (or two levels if the offense level is less than 16). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, violates the conditions of his pre-trial release, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

Mr. Benjamin T. Andersen
Page 3
November 5, 2014

---

8. **Advisory Guideline Calculation:** The parties stipulate and agree to the following U.S.S.G. provisions:

| | | |
|---|---|---|
| (1) U.S.S.G. § 2G1.1(a)(2) | - Base offense level | 14 |
| (2) U.S.S.G. § 2G1.1(d)(1) | - Multiple victim enhancement | +2 |
| (3) U.S.S.G. § 3E1.1 | - Acceptance of responsibility | -3 |
| | | =13 |

The government will also argue that a +4 enhancement should apply pursuant to § 2G1.1(b)(1), because the offense involving A.M. involved threats of force and coercion.

9. **Sentencing Recommendation:** In consideration of its agreement not to present the sex trafficking by force and coercion charge to the grand jury (which would have required a 15-year mandatory minimum sentence), and in light of all relevant § 3553 factors, the government will recommend the statutory maximum 60-month sentence, to be followed by three years of supervised release. The government will also recommend that the Court order defendant to pay a financial penalty, in the amount of the wire transfers that D.M., J.M., A.M., and others, sent to defendant over the years. The government anticipates that the fine requested will be greater than $50,000.

10. **Additional Departures, Adjustments, or Variances:** Both the USAO and defendant are free to request a departure, adjustment, and/or variance from the Court's determination of the applicable advisory guideline range.

11. **Restitution:** Defendant agrees that the victims named above are entitled to restitution for the costs of any physical or mental treatment that occurred after and as a result of the commission of the offenses. Defendant stipulates and agrees to the entry of an order requiring the payment of full restitution. Included within the restitution order is any agency who is paying or previously paid for the cost of the treatment to the victims. The amount is immediately payable in full and due in an amount to be described by the government at sentencing. If the defendant cannot pay the entire remaining balance at the time of sentencing, he agrees to minimum monthly payments to be determined by the Court.

12. **Waiver of Appeal/Post-Conviction Relief:** Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that the sentence imposed exceeds the statutory maximum. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

Mr. Benjamin T. Andersen
Page 4
November 5, 2014

---

13. **Court Not Bound:** The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

14. **Full Disclosure/Reservation of Rights:** The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

15. **Breach of Plea Agreement:** If defendant breaches the terms of this agreement, or commits any new criminal offenses or release violations between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

16. **Abandonment of Property:** By signing this agreement, defendant admits that he is the sole owner of the following pieces of property: gold watch with black band, Silver Apple iPod Nano, 8GB, serial number 6U745F87Y0R; Samsung micro SD card; Blackberry cellular telephone, serial number 358264015487044; Three (3) DVD's; T-Mobile Samsung cellular telephone, serial number R21C50M91ZE; Hewlett Packard touchpad tablet; T-Mobile Samsung Galaxy S 1 cellular telephone, model SGH-T959V, serial number RPIBC0201SX, IMEI 35798Z-04/493709/7; Samsung Galaxy Note II cellular telephone, model SGH-T889, broken screen, serial number RV1CA165AX; T-Mobile HTC innovation cellular telephone, serial number HT96EP301106; Blackberry Curve cellular telephone, model 8520, serial number IMEI 351938040080828; LG Tracfone cellular telephone, model LG320G, serial number 107CQRNZ13750, IMEI 12576-00-213-750-8; IPOD 80GB, model A-1238; two (2) empty wallets; Louis Vuitton coin purse with broken clasp inside; one pair Electric Visual Vegus Aviator sunglasses; one pair Prada metal Aviator sunglasses; one pair brown wholesale Aviator sunglasses; one pair Cadillac Lance B men's casual shoes, red, size 10; one pair Gucci men's high lace up shoes, model G0036, size 9 ½; one pair Gucci men's lace up sneakers with signature web detail, beige/ebony color, size 10, model 117711; one pair Gucci men's lace up sneakers, black leather with white Gucci signature logo on heel, size 10, model 157499; one pair Louis Vuitton Damier Ebene men's shoes, style 0018-2; one Louis Vuitton Damier graphite belt, black and gray checkered canvas, with black lacquer Louis Vuitton buckle; one Louis Vuitton Damier graphite belt, gray and beige checkered canvas, with gold lacquer Louis Vuitton buckle; one Adidas Portland Trail Blazer NBA Jersey, Darius Miles #23; one Hardwood Classics Portland Trail Blazer warm-up jacket, ¼ sleeves size 2XL, snap button down; one Wilson black leather, NASCAR Dale Earnhardt JR Budweiser snap-up racing jacket, Nextel Cup Series, size 2XL; one Tide Downy suede leather NASCAR snap-up racing jacket, size 2XL; one Ed Hardy green leather men's belt, style EH0025; one Ed Hardy Death Before Dishonor men's white leather belt, style EH0054; one Louis Vuitton Classic Initials Damier Ebene men's belt; one LRG white men's leather belt; one men's white unisex imitation leather 3-row studded belt with silver star flying skull belt buckle; one MLB Red Sox white and red jersey; one Adidas NBA Kobe Bryant Los

Angeles Lakers Revolution Swingman alternate baseball jersey; one Adidas NBA Memphis Grizzlies custom swingman road jersey, #20 Stoudamire; one Adidas NBA Atlanta Hawks #21 Dominique Wilkins Red Hardwood Classics swingman basketball jersey; one Christian Audigier black t-shirt with gold beads, size 2XL; one Coogi aqua blue warm-up jacket, size 2XL; one Coogi nylon warm-up jacket, white with multi colored embroidery; one black True Religion World Tour men's denim jean jacket, size 2XL; one pair MEK Easter Island men's denim jeans, 38 waist/34 length; one pair True Religion Ricky Super T black men's coated waxed jeans, size 36; one pair True Religion World Tour Logan Super T men's jeans, size 36; one pair Roca Wear black men's jeans, size 36; one pair Infamous Raider Jeans Co., men's jeans loose fit size 36; one Iceberg ICE Jeans black men's denim button up shirt; one pair Coogi men's jeans, with rainbow stripes on back pockets, size 36 waist/34 length; one pair Roots and Equipment LRG men's jeans, size 36, wildlife on back pocket; one pair Parish Health Wealth Wisdom Urban Hip Hop baggy demon face designer men's jeans size 38; one pair Roca Wear men's jeans size 36 with rhinestones on back pockets; one pair Coogi men's jeans size 36 waist/34 length, colorful mountain scene embroidered on back pockets; one pair Coogi Authentic Australian men's jeans size 36 waist/34 length with green embroidery on back pockets; one pair Iceberg men's jeans size 36 waist/34 length; fourteen (14) pair various Nike athletic men's shoes; Dell Inspiron laptop, model Mini 1012, serial number OH67GJ; Hewlett Packard Pavilion DV9500 laptop, serial number CNF737BDB; desktop computer with cover removed; silver and white Dell Dimension computer tower, model E521 serial number 6K9C1C1; JVC digital video camera; Green Dot Gold VISA Debit Valued Customer, card number xxxx xxxx xxxx 8338, expiration 08/2016, with white residue on one end; Marc Ecko watch; white Diesel watch; NetSpend VISA in the name of D.M., card number xxxx xxxx xxxx 1767; Mastercard in the name of D.M., card number xxxx xxxx xxxx 0423; expired Western Union MoneyWise Mastercard, in the name of Steven Huffman Jr., card number xxxx xxxx xxxx 4570, expiration 05/2013; VISA debit card in the name of Steven Huffman Jr., card number xxxx xxxx xxxx 9096, expiration 05/2014; VISA Debit, card number xxxx xxxx xxxx 8186; VISA Debit, card number xxxx xxxx xxxx 8605; VISA Debit, card number xxxx xxxx xxxx 6435; VISA Debit, card number xxxx xxxx xxxx 5536; VISA Debit Gift card, card number xxxx xxxx xxxx 6158; Chase ATM card, card number xxxx xxxx xxxx 0924; Mastercard Debit Gift card, card number xxxx xxxx xxxx 4435; Walmart Money card, card number xxxx xxxx xxxx 9944; VISA Debit Gift card, card number xxxx xxxx xxxx 2511; VISA Debit Gift card, card number xxxx xxxx xxxx 8235; U.S. Money Debit Card, card number xxxx xxxx xxxx 9804; Vanilla Gift VISA Debit, card number xxxx xxxx xxxx 3523; VISA Debit Gift Card, card number xxxx xxxx xxxx 3019; VISA Debit Gift card, card number xxxx xxxx xxxx 4855; VISA Debit, card number xxxx xxxx xxxx 8264; VISA Debit Gift card, card number xxxx xxxx xxxx 3958; Vanilla Gift VISA Debit, card number xxxx xxxx xxxx 5334; VISA Debit Gift card, card number xxxx xxxx xxxx 7072; VISA Debit Gift card, card number xxxx xxxx xxxx 8339; Vanilla Gift VISA Debit, card number xxxx xxxx xxxx 0434; Vanilla Gift Mastercard Debit, card number xxxx xxxx xxxx 1376; Wells Fargo VISA Debit, card number xxxx xxxx xxxx 0320, expiration 09/2016; OPT + VISA Debit "Preferred Customer", card number xxxx xxxx xxxx 3618. Defendant hereby agrees to abandon all of his right, title, and interest in this property pursuant to Title 41, Code of Federal Regulations (CFR), Section 128-48.102.1, and waives any right to notice of any abandonment proceedings.

Mr. Benjamin T. Andersen
Page 6
November 5, 2014

---

17.  **Sex Offender Registration:**  Although defendant will not be subject to the requirements of the federal Sexual Offender Registration Notification Act (SORNA), defendant understands that he may be subject to sex offender registration requirements under state law.  Defendant further understands that failure to comply with sex offender registration requirements may subject him to prosecution under state law for failing to register as a sex offender.

18.  **Memorialization of Agreement:**  No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

Sincerely,

S. AMANDA MARSHALL
United States Attorney

*/s/ Stacie F. Beckerman*

STACIE F. BECKERMAN
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney.  I understand and voluntarily agree to its terms.  I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

11/5/14
Date

Steven Glenn Huffman, Defendant

I represent the defendant as legal counsel.  I have carefully reviewed every part of this agreement with defendant.  To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

11/5/14
Date

Benjamin T. Andersen, Attorney for Defendant