S. AMANDA MARSHALL, OSB #95347
United States Attorney
District of Oregon
**HANNAH HORSLEY**
Assistant United States Attorney
Hannah.Horsley@usdoj.gov
1000 S.W. Third Ave., Suite 600
Portland, OR   97204-2902
Telephone:   (503) 727-1000
Facsimile:   (503) 717-1117
          Attorneys for United States of America

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **Case No. 3:14-CR-0034-MO** |
| **v.** | **GOVERNMENT'S RESONSE TO DEFENDANT'S MOTION TO REVOKE MAGISTRATE'S PRETRIAL ORDER OF DETENTION AND TO AMEND CONDITIONS OF PRETRIAL RELEASE** |
| **STEVEN GLENN HUFFMAN, JR.,** | |
| **Defendant.** | |

The United States of America, by and through S. Amanda Marshall, United States

Attorney for the District of Oregon, and Hannah Horsley, Assistant United States Attorney, hereby

opposes Defendant's Motion to Revoke Magistrate's Pretrial Order of Detention and to Amend

Conditions of Pretrial Release [53].

Defendant admitted that he violated two conditions of pretrial release, and his effort to

again relitigate the propriety of those conditions for the fourth time should be rejected.   Defendant

does not dispute that he knowingly violated both conditions, nor does he present any new evidence

or legal arguments that were not previously presented before the U.S. Magistrate Court.   As

detailed below, both U.S. Magistrate Judges Janice M. Stewart and John V. Acosta have

previously rejected defendant's arguments and concluded that the conditions defendant seeks to

amend were appropriate in light of the offenses with which defendant was charged and to which he has since pleaded guilty.   Defendant's refusal to comply with the conditions ordered by the court, and his misrepresentations to the court and pretrial services to conceal that noncompliance, should not be rewarded by removing those conditions at this late date.

I.    **BACKGROUND**

Defendant is a pimp who was indicted for three offenses related to promoting prostitution. On November 6, 2014, Defendant pled guilty to one count of violating the Travel Act, and admitted to traveling from Oregon to Hawaii to facilitate a business enterprise involving prostitution.   CR 45.   Sentencing is scheduled for February 23, 2015.

Defendant was initially released on conditions pending trial in January 2014.   CR 9. Defendant has had multiple pretrial release violations, including unauthorized access to the internet on multiple occasions, use and possession of a second cell phone, unauthorized travel, unauthorized contact with a victim, and the use of drugs and alcohol.   United States Pretrial Services Officer Lauren Davenport prepared reports detailing those violations on April 22, 2014, July 17, 2014, December 2, 2014, and December 7, 2014.   The last report includes an addendum dated December 12, 2014 and nine exhibits showing the defendant had accessed Facebook, Instagram and YouTube to contact young women, including two women who have been on pretrial supervision for sex trafficking offenses.

Defendant appeared in U.S. Magistrate Court on four occasions for hearings related to those violations.[1]   As summarized below, defendant argued unsuccessfully about the condition

---

[1]   A courtesy copy of the audio recordings of those hearings will be submitted to the Court and defense counsel for convenience, and the approximate time stamp for relevant portions of those recordings are noted below.

**GOVERNMENT'S RESONSE TO DEFENDANT'S MOTION TO REVOKE**
**MAGISTRATE'S PRETRIAL ORDER OF DETENTION AND TO AMEND**
**CONDITIONS OF PRETRIAL RELEASE**                                          **PAGE 2**

that limited his access to the internet at the hearings on April 22, 2014, December 4, 2014, and December 12, 2014.   Up until the last hearing, defendant was given another chance and his release was continued subject to additional conditions.   CR 20, 21, 29, 30, 48, 49.

On December 12, 2014, defendant again appeared before Judge Acosta for a violation hearing.   CR 51.   Having been caught red-handed, as detailed in the December 7, 2014 Pretrial Release Report, addendum and exhibits, defendant admitted that he had violated two conditions of pretrial release by accessing the internet and having a second cell phone that he had previously concealed.   CR 51.   Defendant also admitted having contact with known prostitutes on the internet, but denied knowing they were prostitutes, so the Court found no violation based on that contact.   Defendant again argued that the conditions should not have been imposed, but the court rejected those arguments and ordered the defendant detained after finding that defendant is unlikely to abide by any condition or combination of conditions of release.   CR 52.

Defendant now seeks review of that detention order, arguing that he is likely to abide by release conditions if this Court would simply remove the conditions that he violated so he does not have to put up with them anymore.   CR 53.   Judge Acosta rejected this argument below, and this Court should as well.

## II.    THE APPLICABLE LAW

### A.    *Standard of Review*

Review of a magistrate judge's detention order is *de novo*.   *United States v. Koenig*, 912 F.2d 1190, 1191 (9th Cir. 1990).   However, the district court "is not required to start over in every case, and proceed as if the magistrate's decision and findings did not exist."   *Id*. at 1193.   The district court must ultimately make its own *de novo* determination of the facts and of the propriety

GOVERNMENT'S RESONSE TO DEFENDANT'S MOTION TO REVOKE
MAGISTRATE'S PRETRIAL ORDER OF DETENTION AND TO AMEND
CONDITIONS OF PRETRIAL RELEASE                                             PAGE 3

of detention, *Koenig*, 912 F.2d at 1193, but "the standard of review for pretrial detention orders is one of deference to the [magistrate judge's] factual findings, absent a showing that they are clearly erroneous, coupled with an independent review of the facts, the findings, and the record to determine whether the order may be upheld."  *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991) (citation omitted).   Though the district court may hold an evidentiary hearing, it is not required to do so when no evidence is offered that was not before the magistrate. *Koenig*, 912 F.2d at 1193.

### B.    *Review of Detention Order and Rebuttable Presumption In Favor of Detention*

Defendant seeks review of Judge Acosta's detention order pursuant to Section 3145(b) of Title 18 of the United States Code, which states in relevant part: "[i]f a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly."   The issue thus presented is whether there is clear and convincing evidence that defendant violated conditions of his pretrial release and, if so, whether defendant is unlikely to abide by any condition or combination of conditions of release.   *United States v. Brugnara*, 2014 WL 5306784, *5 (N.D. Cal., Oct. 17, 2014) (citing 18 U.S.C. § 3148(b)).

In addition, there is a rebuttable presumption in favor of detention here because defendant has already pled guilty to a felony and, as noted in the plea agreement, the government will be seeking a term of imprisonment.   CR 45.   The Bail Reform Act provides that a defendant who has been convicted and is subject to a term of imprisonment shall be detained pending sentencing "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section

3142(b) or (c)."  18 U.S.C. § 3143(a)(1).   The burden is on the defendant to overcome the presumption that he should be detained while his sentencing or appeal is pending.   *United States v. Montoya*, 908 F.2d 450, 451 (9th Cir. 1990).

### III.    ARGUMENT

Here, there is no dispute that defendant violated conditions of his pretrial release.   Nor is there any doubt that defendant is unwilling, and therefore unlikely, to abide by those conditions if he were released again.   Instead, he is simply arguing that there was not an "individualized rationale" behind imposing the conditions on the defendant in the first place so they should be removed.   CR 53 at 4.   This argument is audacious and is belied by the record, which shows that these conditions were fashioned specifically for the defendant to ensure the safety of other persons and the community.

On April 22, 2014, defendant appeared before U.S. Magistrate Judge Janice M. Stewart for a review of conditions of release hearing.   Defendant acknowledged that there were allegations that he had used the internet to post advertisements to facilitate prostitution and to facilitate travel related to prostitution, but he nevertheless argued that the disputed release conditions did not relate to the charges or ensure the safety of any person.   Judge Stewart rejected defendant's arguments [2:24 through 2:39], and instead added conditions.   CR 20.   In doing so, the court discussed the nature of the charges, the fact that we are living in a world where pimping activity goes on over the internet, and that the condition restricting his unmonitored access to the internet was imposed because the internet was used to commit the alleged crime.   She reiterated that internet access is a concern because it is the medium used to commit the crimes alleged in the indictment, and she emphasized that this condition does not constitute a ban.   The Court expressed a willingness to

**GOVERNMENT'S RESONSE TO DEFENDANT'S MOTION TO REVOKE**
**MAGISTRATE'S PRETRIAL ORDER OF DETENTION AND TO AMEND**
**CONDITIONS OF PRETRIAL RELEASE**                                      **PAGE 5**

consider lesser restrictions – which defendant did not offer – so she maintained the internet

restriction.   She also concluded it was appropriate to limit defendant to one cell phone and to bar

internet access on a cell phone because U.S. Pretrial Services had no technological way to monitor

its use.   She explained that the cell phone search condition alone was insufficient because

defendant could delete evidence from the phone prior to a search.   Finally, the court noted that

defendant had been ordered not to have internet access and did it anyway.   Under those

circumstances, the court thought it was appropriate to tighten the conditions, not to relax them, and

she denied his request to use his cell phone to access the internet [2:35].   After further argument

by the defendant, the court emphasized that defendant did not seem to understand his situation, and

implored him to cooperate with pretrial services and comply with their monitoring if he wants to

stay out on pretrial release.   Judge Stewart advised defendant to cooperate with pretrial services

rather than create obstacles.   [2:43 – 2:44].

December 4, 2014, defendant appeared before Magistrate Judge Acosta for a violation

hearing regarding allegations that he had accessed Facebook either directly or through his

girlfriend, and concern that he had a second cell phone that he had concealed from pretrial

services.   The relevant portions of the hearing can be found at time stamps 1:43 through 1:55.

The court ultimately concluded that there was insufficient evidence to meet the standard of proof,

but he admonished the defendant about the importance of the internet and cell phone conditions

and emphasized that the advantages of staying out on pretrial release following his conviction

should be sufficient motivation to comply with all of his conditions of supervised release pending

sentencing.   The court rejected defendant's argument that the conditions should be removed, and

specifically stated that the conditions related to his access to the internet are reasonable restrictions

**GOVERNMENT'S RESONSE TO DEFENDANT'S MOTION TO REVOKE**
**MAGISTRATE'S PRETRIAL ORDER OF DETENTION AND TO AMEND**
**CONDITIONS OF PRETRIAL RELEASE**                                          **PAGE 6**

in light of the crimes he was charged with and the crime he pled guilty to because they involve the use of the internet (1:52).   Judge Acosta said that the record does not show that defendant is taking his pretrial release conditions seriously enough, and that someone who wants to claim credit for his pretrial compliance at sentencing should be in full compliance.   He clarified and added conditions requiring defendant to keep a log of calls and texts, not to create or use social networking without approval, and to give his pretrial services officer his Facebook password.   The court did not want any more ambiguities, and warned defendant that if there is any other violation prior to surrender, his pretrial release would be revoked.

Within days after that hearing, the pretrial services officer determined that defendant had recently accessed multiple social networking cites to contact young women, including prostitutes. Those findings are detailed in the December 7, 2014 Pretrial Release Report, addendum and exhibits.   At a hearing before Judge Acosta on December 12, 2014, defendant admitted that he had accessed the internet and had a second cell phone, but he again challenged the propriety of those conditions [2:51 to 2:56].   Judge Acosta rejected defendant's arguments again, and concluded that use of the internet by someone who has pleaded guilty to traveling to facilitate prostitution – particularly in the manner that Pretrial Service's has demonstrated he used it – did pose a danger to others.   The court pointed out that defendant is accessing the internet to persistently communicate with different young women who appear to be engaged in prostitution, and that this is how people recruit women to participate in sex trafficking and prostitution which is a danger.   Finally, the court rejected defendant's arguments against revocation, noting defendant's unwillingness to comply with the conditions ordered by the Court and, even more troubling, his misrepresentations to the court and pretrial services officer.   The court explained

that release conditions are not a balance sheet, where violations of some conditions can be overcome by compliance with others.    Judge Acosta stated that he had "no confidence" that the orders will be followed and that defendant will not try to hide his noncompliance.    Accordingly, the court found there was no alternative but to detain the defendant.    [2:52 through 3:01, and 3:03 through 3:07].

## IV.    CONCLUSION

Defendant admittedly violated conditions of pretrial release, thereby posing a danger to the safety of others and the community.    Defendant was given every opportunity to stay out of custody and demonstrate to the court prior to sentencing that he would do what he promised and would cease the kind of conduct that resulted in his conviction in the first place.    He willfully violated the court's trust and the conditions of release designed to protect young women from pimps like him.    He has failed to overcome the presumption that he be detained pending sentencing, or to show that he will abide by conditions and not pose a danger to others or the community.    The motion should be denied, and the detention order should stand.

Respectfully submitted this 21st day of January, 2015.

S. AMANDA MARSHALL
United States Attorney


/s/ *Hannah Horsley*
HANNAH HORSLEY
Assistant United States Attorney

**GOVERNMENT'S RESONSE TO DEFENDANT'S MOTION TO REVOKE**
**MAGISTRATE'S PRETRIAL ORDER OF DETENTION AND TO AMEND**
**CONDITIONS OF PRETRIAL RELEASE**                                    **PAGE 8**